UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HENRY LEE SHELL, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:23-cv-00887-KMB-JRS ) |
| D. EMERSON, et al., | ) ) |
| Respondents. | ) ) |

### Order Granting Motion to Dismiss Petition for Writ of Habeas Corpus

Henry Shell's petition for a writ of habeas corpus challenges the calculation of his credit time under Indiana's recently created Case Plan Credit Time ("CPCT") program. The respondent has moved to dismiss the petition for failure to exhaust available state court remedies. Dkt. 14. That motion is now fully briefed. Dkt. 18 (response); dkt. 19 (reply). For the reasons discussed in this Order, the respondent's motion to dismiss is **granted**, dkt. [14], Mr. Shell's petition is **dismissed without prejudice**, and a certificate of appealability **shall not issue**.

#### I.     Proper Respondent

Mr. Shell named two respondents in his petition: (1) D. Emerson, who was the warden at Heritage Trail Correctional Facility ("Heritage Trail") where Mr. Shell is in custody, and (2) Christina Reagle, who is the Indiana Department of Correction Commissioner. Dkt. 1. Mr. Shell has since moved to substitute the new warden at Heritage Trail, who is Warden Fizer. Dkt. 22.

"[T]he only proper respondent in a collateral attack is the petitioner's custodian." *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). Because Mr. Shell remains in custody at Heritage Trail and his custodian is Warden Fizer, Mr. Shell's motion to substitute is **GRANTED**. Dkt. [22].

1

The **Clerk is directed** to add Warden Fizer as the respondent in this action and to terminate D. Emerson and Christina Reagle as respondents.

## II. Exhaustion Requirement

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted). Thus,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>> (B)
>>
>>> (i) there is an absence of available State corrective process; or
>>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Indiana courts have made clear that an inmate may use the state's post-conviction procedures to challenge the calculation of their credit time. In *Young v. State*, the Indiana Supreme Court held that an inmate challenging the denial of educational credit time must do so by filing a petition for post-conviction relief or by filing a successive petition if he has previously sought post-conviction relief on his conviction or sentence. 888 N.E.2d 1255, 1256-57 (Ind. 2008); *see Resendez v. Brown*, 819 Fed. Appx. 428, 430 (7th Cir. 2020). The Indiana Court of Appeals has also reviewed challenges to deprivation of credit time under the CPCT on state habeas corpus review. *Bradford v. State*, 211 N.E.3d 36, 41-42 (Ind. Ct. App. 2023).

### III. Discussion

Respondent moves to dismiss Mr. Shell's case because Mr. Shell failed to exhaust available state court remedies before filing his petition. Dkt. 15 at 4-6. Specifically, Respondent argues that Mr. Shell must present his claim in a state post-conviction petition and complete the appeal process before bringing a federal 28 U.S.C. § 2254 petition. *Id.*; *see* dkt. 19 at 3-4. In response, Mr. Shell contends that he exhausted available state administrative remedies and that no more was required. Dkt. 18.

The Court makes no finding on whether Mr. Shell exhausted administrative remedies. What is key for purposes of this Court's decision at this time is that *state court* remedies remain available to Mr. Shell, 28 U.S.C. § 2254(b)(1), because it is undisputed that Mr. Shell has not presented his claim in any state court proceedings.

Mr. Shell also contends that "[t]he deprivation of additional credit time, CPCT, is from Reagle. No county court has that authority." Dkt. 18 at 2. But as discussed above, the state courts have authority to review the deprivation of credit time through the CPCT program in state court post-conviction proceedings or on habeas corpus review. *Young*, 888 N.E.2d at 1256-57; *Bradford*, 211 N.E.3d at 41-42. This Court takes no position on whether a state habeas corpus petition or post-conviction petition is the proper procedural vehicle for Mr. Shell's claim, as it is undisputed that he did not utilize either of those processes.

"A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." *Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018) (citing *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)). Because Mr. Shell has not exhausted available state court remedies, Respondent's motion to dismiss, dkt. [14], is **granted**. Mr. Shell's motions for order and

information, dkt. [25] and dkt. [26], are **granted** to the extent that the Court has resolved respondent's motion to dismiss. This action is **dismissed without prejudice**, such that Mr. Shell may refile it after he has exhausted his claims in state court.

### IV.     Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. §2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where, as here, a petitioner's claims are resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claims and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not dispute that Mr. Shell has not exhausted his claim in state court.  The Court therefore **denies** a certificate of appealability.

### V.     Conclusion

For the reasons stated herein, the Court rules as follows:

Mr. Shell's motion to substitute, dkt. [22], is **GRANTED**.  The **Clerk is directed** to **add** Warden Fizer as the respondent in this action and **terminate** D. Emerson and Christina Reagle as respondents.

Mr. Shell's motions for order and information, dkt. [25] and dkt. [26], are **GRANTED** to the extent that the Court has now ruled on respondent's pending motion to dismiss.

The respondent's motion to dismiss, dkt. [14], is **granted**, and Mr. Shell's petition is **dismissed without prejudice**.  A certificate of appealability shall not issue.

**IT IS SO ORDERED.**

Date: 11/21/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

HENRY LEE SHELL, JR.
214445
HERITAGE TRAIL CORRECTIONAL FACILITY
501 W. Main St.
Plainfield, IN 46168